This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                     **NO. 31,346**

**TIM DURAN,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**William A. Sanchez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Defendant appeals from the district court's "amended order denying

Defendant's motion to withdraw no contest plea." [RP 117] We initially transferred this case to the Supreme Court as a habeas corpus matter. The Supreme Court in turn remanded this case back to this Court with instructions to handle this case as a direct appeal. We then issued our notice proposing to affirm. Defendant filed a timely memorandum in opposition to our notice. Unpersuaded by Defendant's arguments, we affirm.

Defendant continues to argue that the district court erred in denying his motion to withdraw his no contest plea. [DS 6; MIO 4] In denying his motion to withdraw, the district court's order states that "Defendant entered into the [n]o [c]ontest [p]lea knowingly, intelligently, and voluntarily; and that the [m]otion to [w]ithdraw [no] [c]ontest [pl]ea is untimely." [RP 117] Consistent with the analysis in our notice, we conclude that the latter part of the district court's ruling is dispositive. In this regard, the underlying judgment and sentence and order suspending sentence (judgment), setting forth Defendant's convictions pursuant to his no contest plea [RP 38], was filed on January 15, 2010. [RP 44] A little over four months later, on May 26, 2010, Defendant filed his motion to withdraw. [RP 47, 57] Because Defendant's motion to withdraw was filed outside the requisite thirty-day time period for challenging the judgment, *see* NMSA 1978, § 39-1-1 (1917), we agree with the district court's determination that Defendant's motion to withdraw was untimely. [RP 115] And

2

even if we were to equate Defendant's motion to withdraw his plea as a motion to reduce his sentence as contemplated by Rule 5-801(B) NMRA (providing that "[a] motion to reduce a sentence may be filed within ninety (90) days after the sentence is imposed"), it was untimely because it was filed more than 90 days from the judgment.

Defendant, however, argues that he was not bound by the applicable time-periods for filing a timely motion to withdraw his plea. As support for his argument, Defendant refers to the Committee Commentary to Rule 5-304 NMRA (pleas), which states that "a timely motion for withdrawal is one made with due diligence, considering the nature of the allegations therein." [MIO 4-5] Defendant asserts that he had difficulty locating a witness whose testimony would have supported his version of the events and that as soon as he was able to locate such witness, he filed his motion to withdraw. [MIO 5] Defendant contends that he accordingly filed his motion after exercising "due diligence" as contemplated by the Committee Commentary and that his motion should therefore be considered timely. We are not persuaded. In our view, in addition to being made with 'due diligence,' any motion to withdraw a plea must be filed within the requisite time period for challenging the judgment in order to be timely.

Because we agree with the district court's ruling that Defendant's motion to

3

withdraw his plea was untimely, we do not consider the merits of his argument that he should have been allowed to withdraw his plea based on his claim that his trial counsel was ineffective. [MIO 11] Defendant's challenge to his plea, instead, must be pursued as a habeas corpus matter in the district court in the first instance. *See generally* Rule 5-802 NMRA (habeas corpus).

Based on our notice and the foregoing discussion, we affirm the district court's denial of Defendant's motion to withdraw his plea.

**IT IS SO ORDERED.**

_____

**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Chief Judge**

_____

**JONATHAN B. SUTIN, Judge**